<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID J. KHAWAM,<br><br>                Plaintiff,<br><br>   v.<br><br>ELLIS ALLEN, *et al.*,<br><br>                Defendants. | Civil Action No. 23-22465 (GC) (JTQ)<br><br><u>**MEMORANDUM OPINION**</u> |

<u>**CASTNER, District Judge**</u>

      **THIS MATTER** comes before the Court upon Plaintiff David J. Khawam's Motion to Dismiss Defendant John M. Makowski's counterclaims (ECF No. 69) pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6).  (ECF No. 71.)  Makowski opposed, and Khawam replied. (ECF Nos. 73, 74.)  The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Khawam's Motion is **GRANTED**.

**I.**      <u>**BACKGROUND**</u>

      **A.**      **Factual Background**

      Makowski is an attorney.  (ECF No. 69 at 16.)[1]  Khawam was an attorney; he was disbarred in 2021.  (*Id.*)  Khawam formerly served as the court-appointed guardian of Katherine Vonderlieth. (*Id.* at 8-10, 16.)[2]  After Katherine's death in 2021, Thomas Vonderlieth, Katherine's grandchild,

---

[1]     Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[2]     When determining whether a counterclaim has been adequately pled, a court "may also rely on facts pled in the complaint, but only to the extent that they have been admitted in

was named administrator of Katherine's estate.  (*Id.* at 9, 16.)  Thomas discovered that Khawam had misappropriated Katherine's funds, including to pay for Khawam's personal expenses and payments to Khawam's relatives.  (*Id.* at 16.)  Thomas contacted the New Jersey Lawyers' Fund for Client Protection seeking repayment of the misappropriated assets.  (*Id.* at 12, 16.)  In addition, the Estate of Katherine Vonderlieth, Thomas (individually and as administrator of the estate), and June Vonderlieth[3] (collectively, the Vonderlieths) filed a complaint in state court against Khawam, with Makowski serving as the Vonderlieths' counsel.[4]  (*Id.* at 10, 17.)  Khawam settled with the Vonderlieths in May 2025.  (*Id.*)  The settlement agreement prohibited Khawam from bringing future claims against the Vonderlieths.  (*Id.* at 18.)  However, Khawam notified Makowski that he intended to add the Vonderlieths as defendants in the instant litigation.  (*Id.* at 17.)  Makowski asserts that since Khawam cannot sue the Vonderlieths, Khawam is suing him instead.  (*Id.* at 18.)

### B.      Procedural Background

Khawam initiated this action on November 16, 2023.[5]  (ECF No. 1.)  On September 12, 2025, Khawam filed a Fourth Amended Complaint (FAC) naming officials from the New Jersey Lawyers' Fund for Client Protection and Makowski as Defendants and alleging improprieties in how the Fund investigated Khawam and that the state court complaint filed by the Vonderlieths

---

defendant's answer." *Barnett v. Platinum Equity Capital Partners II, L.P.*, Civ. No. 16-1668, 2017 WL 3190654, at *3 (W.D. Pa. July 27, 2017) (citing *Hunting v. Range Resources*, Civ. No. 16-864, 2016 WL 7034686, at *1 n.10 (M.D. Pa. Dec. 2, 2016)).

[3]      June Vonderlieth's relationship to the other Vonderlieths is not identified in filings before the Court.

[4]      The Vonderlieths also sued various banks alleged to have known about the misappropriation and a bonding company that provided a bond to protect Katherine's assets from misappropriation.  (ECF No. 69 at 16-17.)

[5]      The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

was brought for an improper purpose.  (ECF No. 53.)  Accordingly, the FAC asserts several violations of Khawam's constitutional rights pursuant to 42 U.S.C. § 1983 and a claim of common law abuse of process.  (*Id.*; *see also* ECF No. 68.)

On December 4, 2025, Makowski filed an Answer to the FAC along with two counterclaims for common law malicious prosecution and abuse of process, based on the argument that Khawam added him to this litigation to harass and retaliate against him because of his successful representation of the Vonderlieths in the state court litigation.  (ECF No. 69 at 15-19.) Khawam moves to dismiss both counterclaims.  (ECF No. 71.)

## II.    <u>LEGAL STANDARD</u>

Because Khawam filed this Motion after filing an Answer to Makowski's counterclaims, (*see* ECF Nos. 70, 71), the Court construes it as a Rule 12(c) motion for judgment on the pleadings, *see* Fed. R. Civ. P. 12(h)(2) (providing that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings); *see also Fidelity & Deposit Co. of Md. v. Lutheran Home at Moorestown, Inc.*, Civ. No. 09-0625, 2010 WL 715346, at *1 (D.N.J. Feb. 24, 2010) (construing a motion filed pursuant to Rule 12(b)(6) as a motion for judgment on the pleadings).

"The standard under which the Court must analyze the plaintiff's complaint and the defendant['s] arguments in a Rule 12(c) motion for judgment on the pleadings is the same as the standard in a motion to dismiss under [Rule] 12(b)(6)."  *Wyeth v. Ranbaxy Lab'ys Ltd.*, 448 F. Supp. 2d 607, 609 (D.N.J. 2006).  On a Rule 12(b)(6) and Rule 12(c) motion, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it contain enough facts to state a claim to relief that is plausible on its face[.]"  *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (citation modified).

"A plaintiff can survive a Rule 12(c) motion if [his] complaint contains 'sufficient factual matter to show that the claim is facially plausible, thus enabling the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'"  *Bibbs v. Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022) (alteration in original) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)).  However, "[a] court may grant a Rule 12(c) motion 'if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law'" and there are no material issues of fact to be resolved.  *Id.* (quoting *Fed Cetera, LLC v. Nat'l Credit Servs., Inc.*, 938 F.3d 466, 469 n.7 (3d Cir. 2019)); *see also KOM Software Inc. v. NetApp, Inc.*, 697 F. Supp. 3d 203, 209 (D. Del. 2023).  On a Rule 12(c) motion, the issue for the court "is not whether a plaintiff eventually will prevail, but whether the plaintiff is entitled to offer evidence in support of his or her claims."  *Huggard v. Crown Bank*, Civ. No. 11-6194, 2012 WL 529548, at *2 (D.N.J. Feb. 17, 2012) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III.  **DISCUSSION**

Khawam seeks to dismiss the two counterclaims pled against him.  (ECF No. 71 at 2-3.) The Court considers each counterclaim in turn.

### 1.    *Malicious Prosecution (Malicious Use of Process)[6]*

Khawam argues that Makowski's malicious prosecution claim is not ripe because this action has not yet terminated in Makowski's favor.  (*Id.* at 4-5.)  Khawam further argues that Makowski has not pled any "concrete, non-speculative damages" arising from the claim, and that

---

[6]    "The term 'malicious prosecution' is used when the underlying proceeding is criminal, while 'malicious use of process' is used when the underlying proceeding is civil."  *Wozniak v. Pennella*, 862 A.2d 539, 548 (N.J. Super. Ct. App. Div. 2004) (quoting *Turner v. Wong*, 832 A.2d 340, 349-50 (N.J. Super. Ct. App. Div. 2003)).  Still, courts use these terms interchangeably.  *See, e.g., Ward v. Williamson*, No. A-5444-08T2, 2010 WL 4108472, at *1 (N.J. Super. Ct. App. Div. Apr. 19, 2010) (per curiam) (using term "malicious prosecution" where underlying proceeding was civil).

4

Makowski has pled only conclusory assertions that Khawam acted maliciously and without probable cause. (*Id.* at 5.) In response, Makowski concedes that "the underlying action has not yet been terminated" but argues that New Jersey law permits malicious prosecution counterclaims in an ongoing action.[7] (ECF No. 73 at 3.)

In *Penwag Property Co. v. Landau*, 388 A.2d 1265 (N.J. 1978), a tenant included a counterclaim for malicious prosecution in his answer to his landlord's complaint for possession of the property. *Id.* at 1265-66; *see also Penwag Prop. Co. v. Landau*, 372 A.2d 1162, 1163-64 (N.J. Super. Ct. App. Div. 1977). The trial court granted judgment in favor of the tenant on the counterclaim, but the Appellate Division reversed and the Supreme Court affirmed, holding that "[i]t is not appropriate to institute a suit or file a counterclaim until the litigation has terminated in favor of the party who asserts the malicious prosecution cause of action."[8] *Penwag*, 388 A.2d at 1266. Here, Makowski acknowledges that this litigation has not terminated. (ECF No. 73 at 3.) Therefore, Makowski's claim has not yet accrued, and the Court dismisses this counterclaim without prejudice.[9] *See Ward v. Williamson*, No. A-5444-08T2, 2010 WL 4108472, at *1 (N.J. Super. Ct. App. Div. Apr. 19, 2010) (per curiam) (affirming dismissal of malicious prosecution counterclaim but remanding for entry of a modified order dismissing the counterclaim without prejudice).

---

[7]     Makowski does not cite any cases in support of this proposition. (*See* ECF No. 73 at 3.)

[8]     The Supreme Court also found that counsel fees and costs did not constitute a "special grievance," *Penwag Prop. Co. v. Landau*, 388 A.2d 1265, 1266 (N.J. 1978), which is one of the elements of a malicious prosecution claim in New Jersey, *see LoBiondo v. Schwartz*, 970 A.2d 1007, 1022-23 (N.J. 2009) (discussing elements).

[9]     Because the claim has not yet accrued, the Court need not consider Khawam's arguments regarding conclusory allegations. (ECF No. 71 at 5.)

### 2.    *Abuse of Process*

Khawam next argues that the Court should dismiss Makowski's abuse of process counterclaim because Makowski has not alleged any improper use of process. (ECF No. 71 at 6.) In response, Makowski argues that Khawam is improperly using the instant litigation process as retaliation for Khawam's losses in the state court litigation for which Makowski served as counsel for Khawam's opponents. (ECF No. 73 at 3-4.)

"[T]he distinction between malicious use and malicious abuse of process is that the malicious use is the employment of process for its ostensible purpose, although without reasonable or probable cause, whereas the malicious abuse is the employment of a process in a manner not contemplated by law." *Penwag*, 372 A.2d at 1164-65 (quoting *Ash v. Cohn*, 194 A. 174, 176 (N.J. 1937)). Courts have interpreted process narrowly and distinct from "the whole course of proceedings in a legal action." *Id.* It includes "procedural methods used by a court," such as a summons, mandate or writ. *Id.* Regular and legitimate use of process, even with a bad intention, is not malicious abuse of process. *Id.* (citation modified); *see also Hoffman v. Asseenontv.Com, Inc.*, 962 A.2d 532, 541 (N.J. Super. Ct. App. Div. 2009) ("The tort of malicious abuse of process lies not for commencing an improper action, but for misusing or misapplying process after it is issued.").

To state a claim for abuse of process, a litigant must show two elements about the process: "(1) an ulterior motive and (2) some further act after an issuance of process representing the perversion of the legitimate use of the process." *Saddy v. Morris*, No. A-0454-14T3, 2015 WL 9911318, at *6 (N.J. Super. Ct. App. Div. Jan. 26, 2016) (quoting *Fleming v. United Parcel Serv.*, 604 A.2d 657, 681-82 (N.J. Super. Ct. 1992), *aff'd*, 642 A.2d 1029 (N.J. Super. Ct. App. Div. 1994)); *see also Ruberton v. Gabage*, 654 A.2d 1002, 1005 (N.J. Super. Ct. App. Div. 1995) ("Process is not abused unless after its issuance the defendant reveals an ulterior purpose he had

6

in securing it by committing 'further acts' whereby he demonstrably uses the process as a means to coerce or oppress the plaintiff." (citation modified)).  The range of "further acts" varies and can include misrepresentations to a court or verbalized threats, among others.  *Tedards v. Auty*, 557 A.2d 1030, 1035 (N.J. Super. Ct. App. Div. 1989) (misrepresentations to the court); *Wozniak*, 862 A.2d at 549-50 (threatening phone calls).

In *Tedards v. Auty*, the Appellate Division considered a trial court's grant of summary judgment for a defendant facing an abuse of process claim.  The plaintiff established that the defendant submitted a knowingly false affidavit to the court that resulted in the issuance of a writ permitting—and leading to—the plaintiff's civil arrest.  557 A.2d at 1033-34.  The plaintiff further certified that after the writ issued, the defendant then made knowing and material misrepresentations to the judge to justify setting a high bail and "used the threat of reincarceration under the writ as a means of extorting a settlement and payment of counsel fees from plaintiff."  *Id.* at 1035.  The Appellate Division reversed the trial court's grant of summary judgment for the defendant, finding that the plaintiff established a claim of abuse of process.  *Id.* at 1035-36.

In *Wozniak v. Pennella*, the Appellate Division affirmed a jury verdict finding that the defendant abused process.  The defendant filed a criminal complaint against the plaintiff after the plaintiff filed a civil case against the defendant.  862 A.2d at 543-44.  The Appellate Division found this was an abuse of process that "triggered a chain of events that summoned plaintiff to appear in court under threat of arrest," among others.  *Id.* at 549.  It also found that the defendant engaged in "further acts," including phone calls to the plaintiff's counsel in which the defendant said the civil complaint should be withdrawn, he "knew how to work the system," and he would draw out litigation to avoid paying the plaintiff any award.  *Id.* at 549-50.  The *Wozniak* court found that the initiation of the criminal complaint was a "rare instance" in which initial court process can support

7

an abuse of process claim, emphasizing the criminal context of the process and distinguishing it from civil cases. *Id.* at 550 (discussing *Ruberton*, 654 A.2d 1002, and *Baglini v. Lauletta*, 768 A.2d 825 (N.J. Super. Ct. App. Div. 2001)).

Here, the Court finds that Makowski has not adequately pled an abuse of process claim. While Makowski has pled that Khawam has brought this litigation for "deceitful, dishonest and improper" reasons, this alone is insufficient to state an abuse of process claim. *See Penwag*, 372 A.2d at 1164; *Hoffman*, 962 A.2d at 541. Makowski's allegations relate to Khawam's filing of this action as a whole rather than to any procedural method used by the Court following the filing of the suit. (ECF No. 69 at 16-18.) While *Wozniak* recognizes that, in a "rare instance," an initial court process can support an abuse of process claim, it distinguished the initiation of criminal process from civil process, and Makowski makes no argument that this case should be the exception. 862 A.2d at 550.

Even assuming that the initiation of this litigation against Makowski is one of *Wozniak*'s rare instances, the Court finds that the claim also fails because Makowski has not sufficiently pled the requisite "further acts" that demonstrate Khawam has used this process to coerce or oppress Makowski. *See Penwag*, 372 A.2d at 1164; *Tedards*, 557 A.2d at 1035; *see also Klesh v. Coddington*, 684 A.2d 530, 536 (N.J. Super. Ct. 1996), *aff'd*, 684 A.2d 504 (N.J. Super. Ct. App. Div. 1996) (granting the defendant summary judgment for an abuse of process claim where there was "no allegation by plaintiff of any further act after or other than the filing of the complaints and proceeding upon them" and noting "[t]he allegation that the action itself was brought for an improper purpose is not enough"); *Gensinger v. Reyes*, No. A-2701-18T2, 2020 WL 6703370, at *6 (N.J. Super. Ct. App. Div. Nov. 16, 2020) (affirming dismissal of abuse of process claim because the plaintiff's complaint did not "allege further acts of misuse of process beyond merely asserting

8

there was an abuse of the grand jury process"). Therefore, the Court dismisses this counterclaim without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, and other good cause shown, Khawam's Motion (ECF No. 71) is **GRANTED**. An appropriate Order follows.


Dated: June 23 , 2026

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

9